ALTENBERND, Judge.
Ernest Townsend appeals the denial of his motion, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), to correct the amount of presentence jail time credit he received. We reverse and remand for further consideration.
On July 6, 1989, the court sentenced Mr. Townsend to a total of 12 years’ imprisonment in three separate cases. One of the cases, case 87-7214, is a new offense for which he received 343 days of jail credit. The other two cases, cases 84-13811 and 86-14370, are older eases, for which the defendant was apparently resentenced upon violation of probation. He was given credit for 32 days spent incarcerated prior to imposition of these two sentences. Appellant alleges he should have been given credit for the 343 days on each sentence because all three sentences were to run concurrent with each other. If it is true that he was arrested and serving time on all three cases at once, appellant might be entitled to relief. See Daniels v. State, 491 So.2d 543 (Fla.1986); Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986).
From the record, it appears that the trial court may have been calculating jail credit in the two earlier cases by crediting only time served prior to the initial sentencing. The defendant is entitled to credit for jail time, not only for the time served before the initial sentencing but also for the time spent in jail pending the resolution of the revocation proceeding. Roesch v. State, 446 So.2d 269 (Fla. 2d DCA 1984).
Although not directly raised by the motion, on remand we instruct the trial court to review the structure of the five-year sentence imposed in case 87-7214. Three years of that sentence is concurrent with» the ten-year sentence in 84-13811 and two years is consecutive to that sentence. This would seem to create a possible gap within the period of incarceration in case 87-7214, *542 unless the trial court intended the three-year sentence to begin after seven years of the sentence in 84-13811. Assuming such a deferred sentence is permissible, it would create administrative difficulties concerning the calculation of jail credit time and the determination of the onset of the sentence. A two-year consecutive sentence would seem to accomplish the result intended by the trial court’s sentence without creating these complexities.
Accordingly, we reverse the order of denial and remand for further proceedings. On remand, should the trial court again deny the motion, it must attach portions of the records or files conclusively showing that appellant is entitled to no relief. Because we cannot determine how the trial court calculated the amount of credit for time served on the three sentences, the court should provide documentation from the record showing the exact dates of incarceration on each offense. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed and remanded.
PARKER, A.C.J., and BLUE, J., concur.