PER CURIAM.
James Victor Harrelson has appealed the sentence imposed after he pled nolo conten-dere to violation of probation. We affirm in part, reverse in part, and remand with directions.
In April 1990, Harrelson pled nolo con-tendere to attempted armed robbery. He received 3 years of incarceration followed by 12 years of probation, with 141 days of jail time credit. He completed the incarcer-ative portion of the sentence and, in March 1992, an affidavit of violation of probation (VOP) was filed. In September 1992, the trial court revoked probation, and sentenced Harrelson to 9 years of incarceration. As to the incarcerative portion of the original sentence, the court orally awarded “the credit that he’s entitled to according to the determination of the Department of Corrections.” Harrelson also argued that he was entitled to credit for time spent in county jail between the VOP arrest and sentencing, but there was no oral award of that credit. The written sentence reflects no credit whatever.
Harrelson argues that he is entitled to an award of credit for: 1) the incarcerative portion of the original sentence; 2) the county jail time served between the VOP arrest and sentencing; and 3) the 141 days of jail time credit awarded at the 1990 sentencing. The state concedes that Har-relson- must be credited with the county jail time following the VOP arrest. As for the remaining credit, the state points out that the trial court orally awarded Harrelson credit for the incarcerative portion of the original sentence, and that he has already received the benefit of the 141 days of credit against the original period of incarceration.
We agree that Harrelson is not entitled to a second award of 141 of days credit, in that the benefit of such credit was enjoyed against the original 3-year incarcerative term. We therefore affirm as to this issue. While we also affirm the trial court’s action with regard to credit for the original incarcerative term, we remand with directions to conform the written sentence to the court’s oral pronouncement awarding the credit. See Cecil v. State, 614 So.2d 603 (Fla. 1st DCA 1993). The state concedes that the trial court erred in failing to award credit for time spent in jail pending resolution of the instant revocation proceeding. See also Townsend v. State, 604 So.2d 541 (Fla.2d DCA 1992). On remand, the trial court shall calculate and award such credit.
Affirmed in part, reversed in part, and remanded with directions.
JOANOS, MINER and WEBSTER, JJ., concur.