GODERICH, Judge.
The State concedes that the defendant’s sentence as a habitual violent felony offender on the basis of a prior aggravated battery must be reversed. The amendment to the habitual violent felony offender statute adding aggravated battery as one of the felonies that would support habitualization was not in effect on the date that the defendant committed the offense for which he was being sentenced. See State v. Johnson, 616 So.2d 1 (Fla.1993).
The defendant contends that upon re-sentencing he must be sentenced within the guidelines. We agree. At the original sentencing hearing, the defendant was not sentenced as a habitual felony offender, even though the State requested the trial court to do so. Then, upon remand after a successful appeal, the trial court sentenced the defendant as a habitual violent felony offender. The trial court’s initial decision not to sentence the defendant as a habitual offender precludes such a sentence on remand. Grimes v. State, 616 So.2d 996, 998 (Fla. 1st DCA1992), review dismissed, 617 So.2d 319 (Fla.1993). Accordingly, we reverse and remand for resentencing within the guidelines.