PER CURIAM.
Appellant seeks review of an order denying his motion to correct sentence. Because we find that the trial court erred in denying this motion, we reverse.
Appellant was sentenced on November 3, 1993. The guidelines scoresheet called for a recommended sentence of 27 to 40 years, but since the three counts involved were third-degree felonies, the statutory maximum was 15 years. The trial court sentenced the appellant to two consecutive five-year terms, and the third count was to a concurrent three-year term. At the bottom of the sentencing order, the trial court noted that an order would be entered giving the reasons for a departure.
The trial court later determined that a downward departure was unjustified. Accordingly, on its own motion the trial court resentenced the appellant on November 17, 1993, to three consecutive terms. On November 18, 1993, the appellant filed a motion to correct sentence stating that the supreme court has ruled that a trial court does not have jurisdiction to correct a sentence which is only improper but not illegal. The trial court denied appellant’s motion.
In Gartrell v. State, 626 So.2d 1364 (Fla.1993), the supreme court held that a downward departure sentence without written reasons is not an illegal sentence within the meaning of Rule 3.800(a), and thus trial courts are without jurisdiction to correct such a sentence.[1] In the case at bar, the trial court, which did not have the benefit of Gartrell at the time of resentencing, erroneously concluded that the original sentence was an illegal sentence which could be corrected by the trial court.
*151 Because the trial court below did not have jurisdiction to correct the downward departure sentence it originally imposed, we must reverse the order denying the motion to correct the sentence imposed on November 17. This case is remanded to the trial court with instructions to vacate the sentence imposed on November 17, 1993, and to reinstate the original sentence. Additionally, the sentence should reflect that the appellant is entitled to credit for all time previously served in the Department of Corrections on these charges. See Harrelson v. State, 620 So.2d 1131 (Fla. 1st DCA 1993). The amended sentencing order failed to provide for this credit.
BOOTH, WOLF and MICKLE, JJ., concur.

. The only appropriate mechanism for the state to challenge an improper sentence is by filing a timely notice of appeal. Gartrell at 1365.