PER CURIAM.
Raiford Pierce (Pierce) appeals the judgment and sentence imposed upon him after he violated his probation. We affirm in part, and reverse in part.
Pierce pleaded no contest to four criminal offenses: burglary of Walker’s dwelling, committed on November 22, 1993; trafficking in stolen property, on November 22, 1993; burglary of Jones’s dwelling, on November 19, 1993; and burglary of Murphy’s dwelling, on November 19, 1993. The trial judge sentenced Pierce to one year in jail, followed by two years’ probation, and restitution.
The trial judge found that Pierce violated probation by resisting arrest without violence, committed on February 13, 1995, and *70 by failing to make ordered restitution. The judge’s finding that Pierce violated probation is supported by competent substantial evidence. We thus affirm the revocation of Pierce’s probation.
The judge orally sentenced Pierce to forty-two months in prison, with credit for time “in custody on the original charge and on the arrest for violation of probation.” The record reveals that Pierce spent at least 238 days in confinement.[1] The judge’s written order however awards Pierce only 180 days’ credit. The oral pronouncement of sentence controls. Harrelson v. State, 620 So.2d 1131 (Fla. 1st DCA 1993).
We therefore affirm the revocation of Pierce’s probation, and affirm his forty-two-month prison sentence. We however reverse his sentence insofar as it awards only 180 days’ credit for time served, and remand for a determination of the correct amount of time to be credited, and for the correction of Pierce’s sentence accordingly.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.

. Pierce, at the imposition of his sentence on May 17, 1994, was credited with 52 days. The record in addition contains testimony that Pierce was released from jail on November 19, 1994; the time from May 17 to November 19 is 186 days.