PARKER, Judge.
Edward D. Jones appeals the trial court’s order adding a term of probation to his sentence following a motion for rehearing. Because the trial court’s order increased the original sentence, we conclude that the trial court erred and remand this case to the trial court to strike the probationary term.
At a sentencing hearing, Jones admitted to violating his probation in exchange for a sentence of five and a half years’ imprisonment. Three days later, after the State filed a motion for rehearing, the trial court added one year of probation to Jones’ sentence. Florida Rule of Criminal Procedure 3.800(c) provides for modification of a legal sentence “to include any of the provisions of chapter 948, Florida Statutes,” which deals with probation and community control. However, rule 3.800(c) does not authorize the trial court to “increase the original sentence.” Committee Notes to 1980 Amendment of Rule 3.800. Therefore, the trial court did not have jurisdiction to add a probationary term three days after imposing the original sentence. See Dailey v. State, 575 Solid 237, 238 (Fla. 2d DCA 1991); Sterling v. State, 682 So.2d 694, 695 (Fla. 5th DCA 1996).
We remand this case to the trial court with directions to strike the probationary term.
CAMPBELL, A.C.J., and STRINGER, J., Concur.