PER CURIAM.
Frank Charles Piute challenges the trial court’s order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Piute claims that his sentence under the 1995 sentencing guidelines is illegal because chapter 95-184, Laws of Florida, violated the single-subject provision of article III, section 6, of the Florida Constitution.
The trial court’s order denied Piute relief because his sentencing date did not fall within the window period outlined in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998). The supreme court recently announced that chapter 95-184, Laws of Florida, violated the single-subject provision of article III, section 6, of the Florida Constitution. See Heggs v. State, 759 So.2d 620 (Fla.2000). In its opinion, the court made it clear that the date of the offense is the relevant date for consideration; therefore, we must reverse and remand for further consideration of this motion by the trial court.
We remand for the trial court to determine whether Piute committed his offenses within the applicable window period under Heggs, and, if so, whether his sentence could have been imposed under the 1994 guidelines, absent a departure sentence. The supreme court has determined that defendants will only benefit from the Heggs decision if the sentence imposed under the 1995 guidelines would constitute an impermissible departure sentence under the 1994 guidelines. Id. at 624.
If the court enters an order declaring that resentencing pursuant to Heggs is unnecessary for Piute, it should attach to its order the record documents used to justify that conclusion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings in accordance with this opinion.
PARKER, A.C.J., and ALTENBERND and BLUE, JJ., Concur.