801 So.2d 284 (2001)
James WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3325.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
*285 Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
This is a sequel to our decision in Williams v. State, 691 So.2d 1158 (Fla. 4th DCA 1997). On that appeal, defendant sought review of a sentence of 10 years in state prison, followed by 5 years probation, arguing that the 10 years was an impermissible departure from the guidelines. We reversed the sentence and remanded for resentencing with a departure still possible. After remand defendant was brought before the court for resentencing, and it became apparent that the state would no longer seek a departure. At that point, the following occurred:
STATE: Request that all the previous conditions with respect to restitution and several responsibilities that was imposed the first time be done again the second time. And ask that the paperwork from the first be incorporated in this.
COURT: The only thing that the Fourth District asked the Court to do...was to address the issue with respect to the number of years that was imposed for the sentence. In all other respects, the sentence was affirmed by the Fourth District. So effectively what my intention is, is to sentence the defendant under the guidelines, and nunc pro tunc this sentence back to the date of the sentence, incorporates all other matters that were addressed in the sentencing order of this Court to be effective and applicable at this point.
DEF'T: We didn't even appeal the other issues. It was only the number of years.
COURT: The Court at this time is going to sentence the defendant on the one count of manslaughter to a term of 95 months Florida State Prison....
That same day the court entered an Order stating, "it is hereby ordered and adjudged that the sentence of 8-17-95 be vacated. Defendant is sentenced under separate order." The trial court thereupon entered a separate order on resentencing providing for a 95 month prison term and nothing else. Two days later the court entered a "corrected" resentencing order, now providing for a prison sentence of 95 months followed by five years probation.
After serving his state prison sentence, defendant was released. He was then required to begin serving the period of probation set down in the corrected resentencing order. Later the state charged him with violating the probation.[1] In response *286 to the VOP charge, defendant argued that he was not properly sentenced to probation when he was resentenced and therefore could not possibly be found in violation of probation. We agree and reverse the present order finding that defendant was properly sentenced to probation.
We understand, and applaud, the trial court's desire to avoid unnecessary duplication in a case that had been previously before it. Ordinarily we would happily approve streamlined procedures that eliminate any waste of courtroom time, and thereby facilitate the disposition of a crowded docket. In this instance, however, we are reluctantly forced to conclude that the court's good faith attempt to avoid wasting time inadvertently ended up conflicting with indispensable sentencing procedures, in that the probation was not pronounced at the resentencing.
Rule 3.700 provides that "[e]very sentence or other final disposition of the case shall be pronounced in open court." Fla. R.Crim. P. 3.700(b). Here the court vacated the entire original sentence. Thus, if the trial court intended to impose a period of probation to follow the newly imposed state prison sentence of 95 months, then under rule 3.700(b) the court was required to pronounce the probation at the resentencing. See Tory v. State, 686 So.2d 689, 691 (Fla. 4th DCA 1996) (where written order does not conform to oral pronouncement of sentence, latter prevails); Vasquez v. State, 663 So.2d 1343, 1349 (Fla. 4th DCA 1995) (when written order conflicts with oral pronouncement, sentence orally pronounced prevails).
Because probation was not pronounced at the time of resentencing, the court did not have the power to "correct" its sentencing order two days later by adding probation to a period of incarceration. See Gartrell v. State, 626 So.2d 1364 (Fla.1993) (trial court did not have jurisdiction to "correct" legal sentence after sentencing proceeding); see also United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (attempted increase of legal sentence after defendant has begun to serve sentence imposed is error of constitutional dimensions); and Goene v. State, 577 So.2d 1306 (Fla.1991) (same).
REVERSED.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] The state's affidavit alleged that defendant failed to pay costs of supervision as well as victim costs, failed to perform community service and failed to have a psychological evaluation, all as required by the written sentencing order entered after pronouncement.