835 So.2d 368 (2003)
Frank PLUTE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-267.
District Court of Appeal of Florida, Second District.
January 24, 2003.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Frank Plute appeals the sentences imposed after the trial court granted his motion to correct illegal sentences pursuant to Florida Rule of Criminal Procedure 3.800(a). His earlier sentences had been imposed pursuant to an open plea under the 1995 sentencing guidelines. The trial court determined that he was entitled to be resentenced under the rule announced in Heggs v. State, 759 So.2d 620 (Fla.2000). This determination was made in accordance with our mandate in Plute v. State, 765 So.2d 238 (Fla. 2d DCA 2000). On resentencing, the trial court imposed habitual offender sentences. Mr. Plute argues that the trial court could not impose *369 habitual offender sentences at resentencing because guidelines sentences had been imposed at the first sentencing hearing. We disagree and affirm the sentences.
In the spring of 1997, Mr. Plute apparently developed a fondness for McNatt's Cleaners & Laundry establishments. He committed an armed robbery at various locations approximately once a week for two months. Eventually he was apprehended and charged in six separate informations with five armed robberies, one robbery, and one attempted robbery. The State filed a habitual offender notice.
In December 1997, Mr. Plute pleaded guilty before Judge Behnke. Facing the possibility of consecutive, habitual offender sentencing, he entered an open plea. At that sentencing hearing, Judge Behnke used a 1995 scoresheet. The range on that scoresheet was between 240.9 points and 401.5 points. Judge Behnke determined that Mr. Plute qualified for habitual offender sentencing but decided to impose multiple concurrent sentences under the guidelines. The five armed robberies each resulted in a sentence of 321.2 months or 26.76 years, and each sentence included a 3-year minimum mandatory term for use of a firearm.
When Mr. Plute received relief under Heggs, his 1994 guidelines scoresheet resulted in a significantly lower sentencing range96 to 160 months. At the resentencing, Judge Fuente decided that adequate sentences could not be structured under the lower guidelines range. Accordingly, he elected to impose concurrent 25-year habitual offender sentences for all of the armed robberies with 3-year minimum mandatory terms for use of a firearm. Thus, the new sentencing structure produces a total sentence that is roughly equivalent to the old sentences.
Mr. Plute argues that Judge Fuente was obligated to employ the guidelines because Judge Behnke had declined to impose a habitual offender sentence. We disagree. This is not a case in which the trial court decided to impose a habitual offender sentence on revocation of probation or community control arising from an earlier legal sentence under the guidelines. Cf. King v. State, 681 So.2d 1136 (Fla.1996) (holding that guidelines sentence cannot be upgraded to habitual offender sentencing at revocation proceeding unless defendant agrees at original sentencing). Mr. Plute's original sentence was illegal, having been imposed in reliance upon an unconstitutional statute that had never been validly enacted. It is well established that a harsher sentence may be imposed on resentencing in such a context without violating double jeopardy. See State v. Swider, 799 So.2d 388 (Fla. 4th DCA 2001). The mandate in Heggs requires trial courts to resentence eligible defendants "in accordance with the valid laws in effect" on the date that the defendant committed the relevant offense. Heggs, 759 So.2d at 630-31. Unfortunately for Mr. Plute, those valid laws include the statutes authorizing habitual offender sentencing.
Affirmed.
WHATLEY and CASANUEVA, JJ., Concur.