853 So.2d 1114 (2003)
Ernest A. GREENE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-1132.
District Court of Appeal of Florida, First District.
September 10, 2003.
Appellant, pro se.
Charlie Crist, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant's written sentence does not conform to the trial court's oral pronouncement, we reverse.
The appellant pled guilty to several offenses, including burglary while armed, and was sentenced as a habitual violent felony offender to eighteen years of imprisonment, followed by ten years of probation, on the burglary count. Pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), the appellant was resentenced to eighty months of imprisonment. However, the written sentence provided for a habitual violent felony offender sentence of eighty months, followed by ten years of probation. The appellant challenges the imposition of probation.
Resentencing pursuant to Heggs entitled the appellant to a de novo sentencing hearing with the full array of due process considerations. Trotter v. State, 825 So.2d 362, 368 (Fla.2002); Gonzalez v. State, 838 So.2d 1242 (Fla. 1st DCA 2003). Therefore, the trial court should have pronounced each and every term of sentencing to ensure that the written sentence would be given effect. See Williams v. State, 801 So.2d 284 (Fla. 4th DCA 2001).
In denying the appellant's motion, the trial court disregarded the general rule that the court's oral pronouncement prevails over the written sentence. See Ashley v. State, 850 So.2d 1265 (Fla.2003). When the trial court imposes sentencing terms that were not orally pronounced, the court violates the constitutional protection against double jeopardy. Id. Accordingly, the trial court's order is reversed and the cause is remanded to the trial court to strike the ten-year term of probation from the written sentence.
REVERSED and REMANDED.
WOLF, C.J., LEWIS and POLSTON, JJ., concur.