862 So.2d 55 (2003)
Richard RIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1175.
District Court of Appeal of Florida, Second District.
October 8, 2003.
Rehearing Denied November 20, 2003.
*56 PER CURIAM.
Rivera challenges the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment as to three claims and reverse as to the remaining claim.
As one ground for relief, Rivera alleged that the trial court deprived him of his right to counsel and violated his right to be free from double jeopardy by resentencing him without the presence of counsel more than sixty days after he was originally sentenced. The trial court summarily denied this claim on the basis that the proceeding was not a resentencing but rather was simply a clarification of the sentence to which defense counsel had stipulated prior to leaving the courtroom.
The record reflects that the proceeding was in fact conducted for the purpose of clarifying the sentences imposed. However, at the clarification hearing in response to a question by Rivera's probation officer, the State told the trial court, "That was the other thing. You had ordered drug probation, but it's also sex offender probation." The trial court then agreed that "it's both." The amended sentence imposes sex offender probation in addition to drug offender probation.
The transcript of the original sentencing hearing reveals that the trial court imposed drug offender probation but did not impose sex offender probation. Instead, the trial court announced that Rivera would be on drug offender probation and that "[h]e is also to participate in the sex offender program, to successfully complete same. He is to have no contact with the victim." The trial court never stated that it was imposing sex offender probation, and these two conditions are but two of the many conditions encompassed in the standard conditions of sex offender probation. See § 948.03(5), Fla. Stat. (2000). Thus, the amended sentence deviates from the trial court's original pronouncement of sentence and increases Rivera's sentence in violation of double jeopardy.[1]
Because the amended sentence improperly deviates from the original oral pronouncement and constitutes an increased sentence, we reverse the denial of Rivera's motion on this issue and remand for correction of the sentence to conform to the sentence as orally announced.
Affirmed in part, reversed in part, and remanded with directions.
FULMER, VILLANTI, and WALLACE, JJ., Concur.
NOTES
[1] We also have serious concerns about the propriety of defense counsel's stipulating to "clarifications" of a defendant's sentence and then leaving the courtroom. This case illustrates what can happen when no one is present to represent the defendant's interests at a "clarification" hearing.