908 So.2d 613 (2005)
Stephen Michael PATE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1086.
District Court of Appeal of Florida, Second District.
August 24, 2005.
*614 WHATLEY, Judge.
Stephen Michael Pate ("Pate") appeals the denial of his motion to correct illegal sentence. By order dated November 12, 2004, without notice to the State, the circuit court originally granted the motion and reduced Pate's concurrent forty-year sentences to twenty-seven years and ordered his immediate release. On November 19, 2004, following the State's oral motion, the circuit court issued an order staying its order of November 12, 2004, and on January 10, 2005, that court issued a second order denying the motion to correct sentence by which it reinstated the forty-year sentences. On appeal, Pate correctly argues that the stay order of November 19, 2004, and the order of January 10, 2005, violated the constitutional protection against double jeopardy. We reverse.
"Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles." Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003). This is true even if the original sentence was illegal or otherwise erroneous and the correction conforms to applicable law or to the court's and parties' intentions at sentencing. Maybin v. State, 884 So.2d 1174, 1175 (Fla. 2d DCA 2004); Rivera v. State, 862 So.2d 55, 56 (Fla. 2d DCA 2003); Nelson v. State, 724 So.2d 1202, 1204 (Fla. 2d DCA 1998). Under the circuit court's order of November 12, 2004, Pate had completed his sentences. The subsequent reinstatement of the forty-year sentences constituted resentencing in contravention of the double jeopardy clause. See Maybin, 884 So.2d at 1175; Willingham v. State, 833 So.2d 237, 238 (Fla. 4th DCA 2002); I.B. v. State, 771 So.2d 1258, 1259 (Fla. 4th DCA 2000); Sneed v. State, 749 So.2d 545, 546 (Fla. 4th DCA 2000); see also Rivera, 862 So.2d at 56 (adding a probation term inadvertently omitted during pronouncement of the sentence was not simply a "clarification," but an amended sentence, deviating from the original one and increasing it in violation of double jeopardy protection); Williams v. State, 801 So.2d 284, 286 (Fla. *615 4th DCA 2001) (holding that where the sentencing court did not pronounce a probation term on the record, it could not two days later "correct" the sentencing order by adding a term of probation).
While the State's lack of notice and opportunity to be heard with respect to the November 12, 2004, resentencing constituted reversible error reviewable by certiorari or appeal, see State v. Hohl, 431 So.2d 707 (Fla. 2d DCA 1983); State v. Munson, 604 So.2d 1270, 1271 (Fla. 4th DCA 1992), the State never filed a notice of appeal concerning the order of November 12, 2004, reducing Pate's sentences. The State instead made an oral motion and thereafter relied on the circuit court's stay order of November 19, 2004. The State may only challenge a sentence reduction by direct appeal. Gartrell v. State, 626 So.2d 1364, 1365, 1366 (Fla.1993); Maybin, 884 So.2d at 1175; Kitchen v. State, 644 So.2d 150 (Fla. 1st DCA 1994). Florida Rule of Criminal Procedure 3.800 and double jeopardy principles do not allow for a sentence increase. Jones v. State, 760 So.2d 994 (Fla. 2d DCA 2000); Holmes v. State, 711 So.2d 565, 567 (Fla. 2d DCA 1997); Rodriguez v. State, 899 So.2d 471, 473 (Fla. 3d DCA 2005); Johnson v. State, 881 So.2d 706, 707 (Fla. 3d DCA 2004); Sterling v. State, 682 So.2d 694, 695 (Fla. 5th DCA 1996); Thomas v. State, 648 So.2d 298, 301 (Fla. 5th DCA 1995).
Accordingly, the order of January 10, 2005, denying Pate's motion to correct sentence, is reversed; the order of November 12, 2004, is reinstated, and Pate shall be released.
Reversed.
ALTENBERND and CASANUEVA, JJ., Concur.