PER CURIAM.
This is an appeal from an order sentencing the appellant to twenty years in prison and four years probation as a habitual felony offender. We affirm.
In 1997, the appellant was convicted of four counts of robbery with a deadly weapon or firearm. He was sentenced as a habitual violent felony offender to 40 years imprisonment with fifteen years minimum mandatory. The conviction and sentence were affirmed on appeal. Duhart v. State, 727 So.2d 932 (Fla. 3d DCA 1999).[1]
The appellant filed a Florida Rule of Criminal Procedure 3.800(a) post-conviction relief motion, asserting that the trial court erred in sentencing him as a habitual violent felony offender. Based upon the State’s proper confession of error, we reversed and remanded the case to the trial court “for a new sentencing proceeding, as the defendant was erroneously sentenced as a habitual violent felony offender and he must now be resentenced as a habitual offender.” Duhart v. State, 847 So.2d 497, 497 (Fla. 3d DCA 2003).
On remand, pursuant to our mandate, the trial court removed the “violent” designation and the minimum mandatory term from the appellant’s sentence. This “corrected order” was entered nunc pro tunc to the date of the appellant’s original sentence. This sentence was later reversed and remanded because neither the appellant nor his counsel were present for the resentencing. Duhart v. State, 858 So.2d 1222 (Fla. 3d DCA 2003).
Thereafter, on April 1, 2004, the trial court held a resentencing hearing. The court sentenced the appellant, pursuant to the 1995 sentencing guidelines, to concurrent sentences of twenty-years on each of the four counts followed by four years of probation. The appellant then filed a motion to correct illegal sentence on grounds that the twenty-year sentence had been imposed under the 1995 guidelines, which were held to be unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court initially denied this motion because it erroneously believed that the appellant had been sentenced as a habitual offender and the guidelines therefore were inapplicable. At a subsequent hearing, however, defense counsel informed the court that the appellant’s resentence had not included a habitual offender designation. The trial court thereafter vacated its order denying the defendant’s motion to correct illegal sentence, and requested defense counsel to prepare a new guideline scoresheet under the constitutional 1994 guidelines.
On April 8, 2005, the court heard arguments on rehearing. Upon the conclusion of this rehearing, the court decided to reimpose the habitual offender designation to the appellant’s sentence and stated:
At the resentencing, this court took into consideration all the matters and since twenty years was within the guidelines, didn’t feel it necessary to sentence him as a habitual offender. It wasn’t neces *656 sary to accomplish the purpose of a twenty year sentence and give effect to the court’s intention. On the resentenc-ing today, the court will sentence him as a habitual offender to twenty years state prison followed by four years probation.
Accordingly, the court entered a written order correcting the April 1, 2004, sentence and designated the defendant as a habitual offender. It is this written order that is now the subject matter of this appeal.
The appellant claims that his resentence as a habitual felony offender was improper based upon our opinion in Martinez v. State, 625 So.2d 1306 (Fla. 3d DCA 1993). We disagree.
The facts in this case are clearly distinguishable from those in Martinez. In Martinez, the trial court, at the initial sentencing hearing, specifically declined to sentence the defendant as a habitual felony offender even after the State requested that it do so. On remand, after a successful appeal, the trial court sentenced the defendant as a habitual violent felony offender (a “step up” from the State’s initial request of a habitual felony offender designation). Martinez, 625 So.2d at 1306. Martinez appealed. On the appeal, the State conceded that the defendant’s sentence had to be reversed because the amendment to the habitual violent felony offender statute, which supported the State’s request that the defendant be designated a habitual violent felon, was not in effect on the date that the defendant committed the offense for which he was convicted. Id. The defendant also claimed, on appeal, that upon resentencing the court could not issue him a habitual felony offender sentence but instead the court was limited to giving him a guidelines sentence. We agreed finding that the “initial decision not to sentence the defendant as a habitual offender preclude[d] [the court] from issuing such a sentence on remand.” Martinez, 625 So.2d at 1306 (citing Grimes v. State, 616 So.2d 996, 998 (Fla. 1st DCA 1992)).
In this case, however, the trial court initially, and continually, imposed the habitual offender designation on appellant’s sentences. It was only at the fourth sentencing hearing that the trial court did not include the habitual offender designation finding instead that the twenty-year sentence provided by a 1995 sentencing guidelines scoresheet provided an appropriate sentence for the appellant’s convictions.
We therefore find this case to be more comparable to Plute v. State, 835 So.2d 368 (Fla. 2d DCA 2003). In Piute, the defendant was sentenced, without a habitual offender designation, under the constitutionally infirm 1995 guidelines. On resen-tencing, the trial court imposed habitual offender enhancements to achieve a sentence equivalent to the one originally imposed. In affirming the trial court’s re-sentence, the Second District opined that:
Mr. Piute’s original sentence was illegal, having been imposed in reliance upon an unconstitutional statute that had never been validly enacted. It is well-established that a harsher sentence may be imposed on resentencing in such a context without violating double jeopardy.
Plute, 835 So.2d at 369.
Given that the trial court in this case, unlike the court in Martinez, continually designated the defendant as a habitual offender; and given the fact that the designation here, like that in Piute, was used to align the defendant’s sentence with the one imposed under the 1995 guidelines, we affirm.
Affirmed.

. Thereafter, the defendant filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief claiming ineffective assistant of counsel, which was denied by the trial court. Again, we affirmed. Duhart v. State, 732 So.2d 1077 (Fla. 3d DCA 1999). Next, the defendant filed a petition for habeas corpus, which was denied in part and granted in part on grounds that are not germane to this appeal. Duhart v. State, 802 So.2d 450 (Fla. 3d DCA 2001).