LAGOA, Judge.
Andre Adams (“Defendant”) appeals the denial of his motion to correct an illegal sentence. On appeal, Defendant argues that the trial court’s April 19, 2006 order violated his constitutional right against double jeopardy. We find that Defendant’s rights were not violated and affirm the trial court’s order with regard to this issue. Defendant also argues that the trial court erred by denying his claim that he was not awarded sufficient credit for time served. Because the State conceded below that the error must be corrected if sufficient credit was not awarded, we reverse and remand for a hearing on this issue alone.
*1126 I. FACTUAL AND PROCEDURAL HISTORY
Defendant was convicted of robbery and resisting arrest without violence. During sentencing, the trial court found that Defendant qualified as both a prison releasee reoffender and a violent career criminal. Defendant was sentenced to 40 years imprisonment with a fifteen-year mandatory minimum term as a prison releasee reof-fender and sentenced to a 30-year mandatory minimum as a violent career criminal. Defendant received 612 days credit for time served.
On January 4, 2004, Defendant filed a motion to correct illegal sentence pursuant to Rule 3.800(a), Fla. R.Crim. P. The trial court granted the State several extensions to file a response. On March 28, 2006, the trial court orally granted Defendant’s motion as the State had failed to respond, but neither resentenced nor vacated Defendant’s sentence. The trial court also permitted the State to file a motion for reconsideration within one week. Two days after the oral ruling, the State filed a response, which the trial court treated as a motion for reconsideration.
On April 4, 2006, the trial court granted Defendant time to respond to the State’s motion. On April 17, 2006, the Defendant responded to the motion, and on April 19, 2006, the trial court denied Defendant’s motion to correct illegal sentence.
II. ANALYSIS
On appeal, Defendant argues that the trial court’s subsequent denial of his postconviction motion constituted a resen-tencing in violatioh of his right of protection against double jeopardy. In support of this argument, Defendant relies on Pate v. State, 908 So.2d 613 (Fla. 2d DCA 2005). As the trial court correctly concluded, Pate is not applicable. In Pate, the trial court’s written order granted the Defendant’s motion to correct an illegal sentence, reduced his sentence and ordered his immediate release. Subsequent to the trial court’s written order, the State orally moved for a stay, which the trial court granted. The trial court later issued a second order denying the motion to correct sentence and reinstating the original sentence. The Second District concluded that this violated the constitutional protection against double jeopardy:
Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles.
Id. at 614.
Here, unlike in Pate, the record is clear that, although the trial court granted Defendant’s motion, the trial ■ court did not take the next step of either resentencing or vacating Defendant’s sentence. No new sentence was imposed by the trial court, and Defendant continued to serve his original 40-year sentence. Because the only action taken by the trial court was to grant Defendant’s motion without more, double jeopardy does not attach.
Moreover, the law is clear that when a trial court grants a 3.800 motion, “it has not and [does] not grant the Defendant any collateral relief until it resen-tences him [as][t]he order granting the Defendant’s 3.800(a) motion is not a final order, as judicial labor, i.e., resentencing, is still required.” State v. Delvalle, 745 So.2d 541, 542 (Fla. 4th DCA 1999). Indeed, an order finding that Defendant was entitled to be resentenced, but not imposing a new sentence, is not an appealable final order. See State v. Rudolf, 821 So.2d 385, 386 (Fla. 2d DCA 2002). As the Second District noted in Rudolf, after a new sentence is imposed the “State [would] have the opportunity to seek re *1127 view of the sentence when the trial court enters that final order.” Id. at 386. In this case, as no new sentence was imposed for the State to appeal, it was proper for the State to file a motion for reconsideration.
Accordingly, the trial court’s order denying Defendant’s motion to correct illegal sentence is affirmed in part and reversed in part.