GROSS, C.J.
 

 We hold that double jeopardy does not prevent a court from granting the state’s timely motion to rehear an order granting a rule 3.800(a) motion that was based on false or incomplete information.
 

 Appellant pleaded no contest to one count of neglect to a child, a second degree felony. See § 827.03(3), Fla. Stat. (2003). During the plea conference, the crime was identified as a second degree felony. The trial court sentenced appellant to ten years in prison, but agreed to mitigate the sentence to 364 days in county jail and four years probation if appellant surrendered himself at a time certain three weeks later. The trial court granted appellant’s request to take care of some personal business before sentencing. Instead of returning on the surrender date, appellant absconded to New York.
 
 See Lormeus v. State,
 
 957 So.2d 117 (Fla. 4th DCA 2007). Extradition proceedings returned appellant to Florida and he began to serve his ten-year sentence.
 

 Appellant filed no direct appeal.
 

 In September 2005, appellant filed a motion to vacate an illegal sentence, apparently under Florida Rule of Criminal Procedure 3.800(a). He argued that the 10 year sentence was illegal because he had entered a plea to a reduced charge, a third degree felony under section 827.03(3)(c), to which a maximum sentence of five years applied. To support his argument, appellant pointed to the judgment of conviction, which identified the crime involved as section “827.03(3)” and indicated that the degree of crime was “3F.”
 

 On October 18, 2005, a new circuit judge, not the one who had accepted the plea, granted appellant’s motion and issued a written order which vacated the “illegal sentence” and sentenced appellant to five years in prison.
 

 Almost immediately, the state filed an emergency motion for rehearing. It argued that the statement on the judgment of conviction identifying the degree of crime as “3F” was a clerical error, because both the transcript of the plea conference and the written plea sheet identified the crime to which the defendant entered a plea as a second degree felony. On October 20, 2005, the trial court vacated the October 18 order which granted the motion to correct an illegal sentence.
 

 In January 2006, appellant filed a rule 3.850 motion arguing that he did not understand that he was entering a plea to a second degree felony. The trial court denied the motion on the merits and we affirmed, concluding that the motion was untimely filed.
 
 Lormeus,
 
 957 So.2d at 117.
 

 In May 2008, appellant filed a rule 3.800(a) motion arguing that his sentence was illegal, because once the trial court
 
 *192
 
 reduced his sentence to five years on October 18, 2005, the subsequent vacation of the sentence and reinstatement of the 10 year sentence violated double jeopardy.
 

 There was no double jeopardy violation in October 2005, because the order granting the 3.800(a) motion was vacated before it became final. Rule 3.800(b)(1)(B) provides that “[a] party may file a motion for rehearing of any order entered under [rule 3.800(a) or rule 3.800(b) ] within 15 days of the date of service of the order....” One purpose of the rule allowing rehearing is to allow the trial court to correct a mistake instead of requiring an appeal. The rule allows the state to move to rehear an order granting a defendant relief. By definition, orders granting rule 3.800 motions will reduce sentences. It makes no sense for the rules of criminal procedure to allow for a motion seeking relief — the vacation of an order reducing a sentence — that would always violate double jeopardy. Within the 15 day time limit, the state moved for rehearing in this case and demonstrated that the defendant had pleaded guilty to a second degree felony. The trial court was permitted to correct a mistake based on faulty information.
 

 We distinguish this case from
 
 Cherry v. State,
 
 439 So.2d 998 (Fla. 4th DCA 1983). There, the trial court sentenced a defendant to three years in jail. The state filed a motion to correct sentence and the trial court vacated the three-year sentence and imposed a five-year sentence. We held that rule 3.800 does not authorize the state to bring a motion to increase a sentence. No rule of procedure allowed the state to revisit or rehear a sentence.
 
 Id.
 
 at 999-1000. As far as the state was concerned, the sentence became final once it was pronounced. We also observed that “an increase of a lawful sentence is expressly prohibited by ... the double jeopardy clause of the fifth amendment to the United States Constitution.”
 
 Id.
 
 at 1000. In this case, the rules of procedure allowed the state to move for rehearing of an order granting a rule 3.800 motion within 15 days. Therefore the new, five year sentence never became final, so double jeopardy protection did not attach.
 

 We distinguish
 
 Pate v. State,
 
 908 So.2d 613 (Fla. 2d DCA 2005), because that case did not consider the effect of rule 3.800(b)(1)(B), which allows for a motion for rehearing directed at rule 3.800 orders. In
 
 Pate,
 
 the trial court granted the defendant’s rule 3.800 motion to “correct illegal sentence.”
 
 Id.
 
 at 614. The state was never notified of the motion. The court reduced concurrent 40 year sentences to 27 years.
 
 Id.
 
 Seven days later, following the state’s “oral motion,” the court stayed its order granting 3.800 relief. Later, the court issued a second order denying the 3.800 motion and “reinstating]” the 40 year sentences.
 

 The second district reversed, ruling that the second order violated double jeopardy.
 
 Id.
 
 at 614. To reach this conclusion, the court relied on cases where courts attempted to correct or increase the original sentence,
 
 see, e.g., Ashley v. State,
 
 850 So.2d 1265 (Fla.2003) (holding that after sentencing defendant as a habitual felony offender, and after he began to serve the sentence, the trial court could not correct a mistake and sentence the defendant as a habitual violent felony offender), or where a sentence modified under rule 3.800 had become final.
 
 See Maybin v. State,
 
 884 So.2d 1174 (Fla. 2d DCA 2004). The second district also stated that the state’s only recourse in response to the erroneous rule 3.800 order was certiorari or appeal.
 
 Pate,
 
 908 So.2d at 615. The case did not discuss the application of the rule 3.800(b)(1)(B) motion for rehearing, perhaps because the state filed no written
 
 *193
 
 motion or because the argument was not raised on appeal.
 

 Our application of rule 3.800(b)(1)(B) in this case is consistent with
 
 Goene v. State,
 
 577 So.2d 1306 (Fla.1991). There the supreme court confronted the issue of whether double jeopardy prevents a trial court from resentencing a defendant to a longer sentence, where the original sentence was based on the defendant’s misrepresentation of his identity. The court held that “orders, judgments or decrees which are the product of fraud, deceit, or collusion ‘may be vacated, modified, opened or otherwise acted upon at any time. This is an inherent power of courts of record, and one essential to insure the true administration of justice and the orderly function of the judicial process.’ ”
 
 Id.
 
 at 1309 (quoting
 
 State v. Burton,
 
 314 So.2d 136, 138 (Fla.1975)).
 

 Here, unlike the trial judge, the defense attorney, or the prosecutor on the 3.800 motion, appellant was the only one who actually attended the original plea conference. The information contained in his rule 3.800 motion was not true. Applying
 
 Goene,
 
 double jeopardy does not preclude the judge from correcting the erroneous ruling on rehearing.
 

 HAZOURI and CIKLIN, JJ., concur.