ALTENBERND, Judge.
Frank Piute appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We conclude that there is no merit in the issues he raised in his motion and affirm. We also caution Mr. Piute that future similar appeals will likely result in sanctions barring him from further pro se filings.
As we have explained in an earlier opinion, Mr. Piute “apparently developed a fondness for McNatt’s Cleaners & Laundry establishments” in 1997. Plute v. State, 835 So.2d 368, 369 (Fla. 2d DCA 2003). After committing armed robberies at several outlets, the State charged him with multiple armed robberies, an attempted robbery, and robbery. He entered open pleas of guilty to all of the charges. We concluded that his original sentences were illegal due to the unconstitutionality of the relevant sentencing law. See Plute v. State, 765 So.2d 238 (Fla. 2d DCA 2000). However, we expressly held that his subsequent sentences, which are concurrent twenty-five-year terms of imprisonment as a habitual offender, are legal. See Piute, 835 So.2d at 369.
After we affirmed his sentences in 2003, Mr. Piute filed six additional appeals relating to the sentences. We have affirmed each of those appeals without written opinions. We now affirm this appeal.
When prisoners abuse the postconviction remedies provided to them, they do more than waste the resources of the judicial system. They delay postconviction proceedings by other prisoners who may actually be entitled to relief. It is entirely possible that a prisoner entitled to immediate release is still in prison because we have been required to spend our efforts reviewing this unnecessary appeal.
Therefore, we caution Mr. Piute that any future postconviction proceeding filed to challenge these judgments and sentences, absent a new claim that has legal merit, is likely to result in a referral to the appropriate institution or facility for disciplinary procedures. See § 944.279(1), Fla. Stat. (2010). If such a referral occurs, this court will also issue an order to show cause why it should not bar Mr. Piute from further pro se filings pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999).
Affirmed.
NORTHCUTT and MORRIS, JJ., Concur.