SCHWARTZ, Senior Judge.
In 2001, the appellant was sentenced to life as a violent career criminal. In 2002, however, the trial court (almost certainly incorrectly[1]) vacated the VCC designation and imposed instead a “lesser” sentence under the habitual violent felony offender (“HVFO”) statute. The State did not appeal from that order. Notwithstanding, in 2010, the trial court vacated the HVFO sentence which had been imposed in 2002 and re-instated the more severe VCC sentence, see Clines v. State, 912 So.2d 550 (Fla.2005)(discussing consequences of various statutory designations), on the ground that the 2002 order vacating that sentence- was erroneously entered. That order is now on appeal, and we are compelled to reverse it because the vacation of the less severe HVFO sentence and the re-imposition of the VCC sentence clearly violated the defendant’s double jeopardy rights. It is established law that unless the State appeals, even an objectively erroneous sentencing order may not subsequently be increased or otherwise affected to the detriment of the defendant. See Charles v. State, 59 So.Bd 291 (Fla. Bd DCA 2011); Gardner v. State, 30 So.3d 629, 632 (Fla. 2d DCA 2010); Delemos v. State, 969 So.2d 544, 550 (Fla. 2d DCA 2007). Pate v. State, 908 So.2d 613, 615 (Fla. 2d DCA 2005), applies these rules to a factual and legal situation very similar to this. As the appellant correctly argues:
In Pate, the trial court’s written order granted the defendant’s motion to correct an illegal sentence and reduced his sentence. The trial court later issued a second order denying the motion to correct sentence and reinstating the original sentence. The Second District concluded this violated the constitutional protection against double jeopardy. The court agreed that the entry of the first order granting the defendant’s motion to correct an illegal sentence constituted reversible error based on the State’s lack of notice and opportunity to be heard with respect to the entry of that order. Pate, 908 So.2d at 615. However, the court held that the State was required to challenge that sentencing error by direct appeal, and having failed to do so double jeopardy principles barred the trial judge from reinstating the sentence originally imposed. Id.; see also Delemos, 969 So.2d at 550 (“[E]ven if the sentence on count 5 were illegal for failing to include the minimum mandatory term, this court has previously held that double jeopardy bars an increase in a sentence once it is imposed and the defendant begins serving it, at least in the absence of a proper appeal, ‘even if the original sentence was illegal or otherwise erroneous and the correction conforms to applicable law or to the court’s and parties’ intentions at sentencing.’ .... Under those circumstances, the State is compelled to object and appeal the sentence or the sentence stands as originally imposed.”)
For these reasons, the 2010 sentencing order under review is vacated and the cause remanded for proceedings consistent herewith.

. The 2002 court incorrectly determined that the defendant’s prior convictions for burglary did not qualify for designation under the VCC statute. See Curi v. State, 36 So.3d 853 (Fla. 3d DCA 2010); Ubilla v. State, 8 So.3d 1200 (Fla. 3d DCA 2009), and cases cited therein.