# Third District Court of Appeal

## State of Florida

Opinion filed September 10, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D09-2044
Lower Tribunal No. 06-33761-B
_____

**John Santiago,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Michael Mervine, Assistant Attorney General, for appellee.

Before SHEPHERD, C.J., and SUAREZ, and LAGOA, JJ.

SHEPHERD, C.J.

This is an appeal by John Santiago from his conviction and sentence after a jury trial. His assignments of error are that: (1) the trial court erred by amending the sentence to add a habitual violent felony offender designation after having made an evidentiary determination (at the original sentencing) that the State failed to establish Santiago qualified as a habitual violent felony offender; and (2) his sentence was vindictive. We agree with Santiago on his first assignment of error and, because we reverse Santiago's sentence on this basis, find it unnecessary to consider the second assignment of error. A brief summary of the factual and procedural background of the case is necessary to explain our decision.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2009, following a jury trial, the trial court entered a judgment of conviction against John Santiago for the crimes of robbery with a non-deadly weapon and simple battery.[1] Robbery with a non-deadly weapon is a first-degree felony and, generally, the maximum sentence permitted by statute for this crime is thirty years. See §§ 775.082(3)(b), 812.13(2)(b), Fla. Stat. (2006). However, if a defendant qualifies as a habitual violent felony offender pursuant to section 775.084(1)(b) of the Florida Statutes, a defendant may be sentenced up to a maximum of life in prison, and must be sentenced to a mandatory minimum of fifteen years. See § 775.084(4)(b)1.

---

[1] The battery conviction and sentence is not a part of this appeal.

On June 30, 2009, the trial court held a sentencing hearing and sentenced Santiago to life in prison without any mandatory minimum. Although it appears from our review of the record that Santiago had received the requisite notice and qualified for designation as a habitual violent felony offender, the court, prior to imposing sentence, made an evidentiary determination that the State failed to prove Santiago was given the necessary notice. Therefore, Santiago did not qualify as a habitual violent felony offender.[2] Nevertheless, the trial judge sentenced Santiago to life in prison, citing as its reason "protection of the community." This sentence was illegal.

Perhaps recognizing its predicament, the State returned to court eight days later[3] and orally moved to resentence Santiago as a habitual violent felony offender. At this subsequent sentencing proceeding, the State succeeded in demonstrating it provided the requisite notice, and the trial judge elicited a sworn admission from Santiago that he had the necessary qualifying prior conviction. At the conclusion of this second sentencing proceeding, the trial judge reversed his original determination, pronounced Santiago qualified as a habitual violent felony offender, orally "resentence[d]" him as such, and entered a "corrected" written sentence reflecting his actions. In so doing, the court reversibly erred.

---

[2] It appears a substitute assistant state attorney represented the State at the original sentencing hearing.

[3] At this point, Santiago had already begun serving his non-HVFO life sentence.

3

## ANALYSIS

As our supreme court has made clear, a habitual offender designation is as much a part of a sentence as is incarceration. See State v. Matthews, 891 So. 2d 479, 488-89 (Fla. 2004) ("Habitual offender sentences are enhanced sentences imposed in an attempt 'to protect society from habitual criminals who persist in the commission of crime after having been theretofore convicted and punished for crimes previously committed.'") (quoting State v. Peterson, 667 So. 2d 199, 200 (Fla. 1996)). "Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles." Ashley v. State, 850 So. 2d 1265, 1267 (Fla. 2003). In the case before us, Santiago began to serve his original life sentence immediately upon its pronouncement on June 30, 2009. Thus, the purported "resentence" of Santiago as a habitual violent felony offender eight days later violated Santiago's double jeopardy rights. See Akins v. State, 98 So. 3d 60 (Fla. 2011) (concluding transformation of a "guidelines" sentence imposed at a probation revocation hearing into a habitual offender sentence in a subsequent jail credit proceeding violated double jeopardy where the trial court inadvertently failed to announce at the revocation hearing that the sentence imposed remained a habitual offender sentence); Rivera v. State, 862 So. 2d 55, 56 (Fla. 2d DCA 2003) (stating amendment of sentence to impose sex offender probation in addition to previously

4

pronounced drug probation constituted violation of defendant's double jeopardy rights); <u>Martinez v. State</u>, 625 So. 2d 1306, 1307 (Fla. 3d DCA 1993) (determining trial court's initial decision not to sentence the defendant as a habitual offender precluded such a sentence on remand) (citing <u>Grimes v. State</u>, 616 So. 2d 996, 998 (Fla. 1st DCA 1992)).[4]

Given the trial court's evidentiary determination at the original sentencing that Santiago did not qualify as a habitual violent felony offender, the statutory maximum sentence for this first-degree felony was thirty years. The sentence of life as a non-habitual violent felony offender was therefore illegal. If the State believed the trial court erred in determining Santiago did not qualify as a habitual violent felony offender, its remedy lay in an appeal of this finding, rather than seeking an "amended sentencing" eight days after the judgment and sentence was pronounced and after Santiago had begun to serve the sentence. <u>See</u> Fla. R. App. P. 9.140(c)(1)(M), (N). The State did not take an appeal, nor did it file a cross-appeal of that finding in the presently pending appeal of the trial court's "corrected" sentence.

---

[4] It is worth pausing to note that the "resentencing" proceeding conducted by the trial judge at the request of the State was not a true resentencing hearing. It is better described as a proceeding to "amend" an earlier pronounced sentence. The hearing was held in an attempt to legalize an otherwise illegal sentence. The distinction is not without a difference. The peril posed by sanctioning State "do-overs" of evidentiary determinations made at a sentencing proceeding is palpable.

For the reasons stated, we vacate the amended judgment and life sentence imposed on Santiago and remand with directions that the trial court resentence Santiago as a non-habitual violent felony offender in accordance with section 775.082(3)(b) of the Florida Statutes.

So ordered.

LAGOA, J. (specially concurring).

While I concur with the result reached by the majority, I write separately to address both the issues raised by the State's position in this appeal, and what I believe is the basis for reversal and remand – the trial court's lack of jurisdiction to "correct" Santiago's illegal sentence to provide for a non-mandatory designation as a habitual violent felony offender.

Santiago was charged with armed robbery with a deadly weapon and aggravated battery. After a jury trial, he was found guilty of the lesser included offense of armed robbery without a deadly weapon and simple battery. On June 30, 2009, the trial court sentenced Santiago to life in prison. Both parties agree that this was an illegal sentence, and that the maximum sentence Santiago could have received was thirty years.

On July 8, 2009, the state orally moved to correct the sentence, apparently to show that Santiago should have been sentenced as a habitual violent felony offender.[5] Indeed, a review of the record shows that when the State returned to the trial court on July 8, 2009, it was in order to attempt to establish (for a second

_____

[5] The record does not contain a written motion filed by the State that prompted the hearing.

7

time)[6] that Santiago qualified as a habitual violent felony offender, and not to correct Santiago's sentence because it exceeded the statutory maximum.

At the beginning of the July 8th hearing, the trial court stated as follows: "All right, Mr. Santiago, I know that [defense attorney] has explained why we're back. It was my omission to check to see that you were really an HVO, and I just can't take that for granted." After finding that Santiago had been notified of the State's intention to seek enhancement and that he had the necessary qualifying prior conviction, the trial court "resentenced" Santiago to life as a habitual violent felony offender. The July 8th written sentencing order states that the sentence entered on June 30th was "corrected" due to a "clerical error." This appeal ensued.

Here, it is undisputed that the original June 30th sentence was illegal as it was in excess of the statutory maximum.[7] Pursuant to Rule 9.140(c)(1)(M), Fla. R. App. P., the State may appeal from an order "imposing an unlawful or illegal sentence or imposing a sentence outside the range permitted by the sentencing guidelines." Moreover, pursuant to section 924.07(1)(e), Florida Statutes, the State may appeal from "[t]he sentence, on the ground that it is illegal." Because the

---

[6] The trial court did not initially impose a habitual violent felony offender designation because Santiago's attorney claimed not to have been notified of the State's intention to seek enhancement.

[7] Illegal sentences include only: "(1) those sentences in excess of the statutory maximum; (2) those sentences that fail to give credit for record jail time; and (3) those sentences that violate double jeopardy by a post sentencing enhancement clear from the record." Robinson v. State, 757 So. 2d 532, 533 (Fla. 4th DCA 2000).

8

original sentence of June 30 was illegal, it was appealable by the State. Instead of appealing the June 30th order, however, the State sought relief by attempting to "correct" the sentence before the trial court through an *ore tenus* motion. In its brief, the State attempts to characterize its *ore tenus* motion before the trial court as one made pursuant to Florida Rule of Criminal Procedure 3.800(a), which provides that "[a] court may at any time correct an illegal sentence imposed by it . . . when it is affirmatively alleged that the court records demonstrate on their face an entitlement to relief." Fla. R. Crim. P. 3.800(a). The record shows, however, that the "correction" the State sought below was not related to the sentence's illegality—that it exceeded the statutory maximum—but instead to the trial court's failure to designate Santiago a habitual violent felony offender under section 775.084, Florida Statutes (2006).[8] Because the State did not seek to "correct an illegal sentence," Rule 3.800(a) is not applicable.

Additionally, although the State may file a motion to correct a sentencing error under Rule 3.800(b), it may only do so when "the correction of the sentencing error would benefit the defendant or to correct a scrivener's error." Fla.

_____

[8] Indeed had the State sought to challenge the trial court's failure to designate Santiago a habitual violent felony offender, its remedy would not be through a Rule 3.800(a) motion. Cf. State v. McMahon, 94 So. 3d 468, 477 (Fla. 2012) (holding that trial court's failure to conduct a hearing on defendant's habitual felony offender status under section 775.084 did not render a sentence illegal because "the trial court was not mandated to impose an HFO sentence even if a hearing had been held and [the defendant] was proven to qualify").

9

R. Crim. P. 3.800(b). Neither condition is present here. First, the record shows that when the State returned to the trial court eight days after the original sentencing it was not to reduce Santiago's sentence to no more than thirty years, but instead to attempt to prove Santiago's status as a habitual violent felony offender. This clearly did not benefit Santiago as required by Rule 3.800(b). Second, the original June 30th sentence was not a scrivener's error that could be corrected by a Rule 3.800(b) motion. Moreover, the trial court's order describing the July 8th sentence as a correction due to "clerical error" does not make it so, especially where the trial court's own statements show that the July 8th hearing held for the purpose of addressing Santiago's status as a habitual violent offender.

Because the trial court did not have jurisdiction to entertain and rule on the State's *ore tenus* motion to "correct" Santiago's otherwise illegal sentence to provide for a non-mandatory[9] designation as a habitual violent felony offender

---

[9] Although section 775.084(3)(a), Florida Statutes (2006), provides that "the court shall determine if the defendant is a habitual felony offender or a habitual violent felony offender," the trial court is "not mandated to impose an HFO sentence." McMahon, 94 So. 3d at 477. See also Clines v. State, 912 So. 2d 550 (Fla. 2005) (habitual violent felony offender recidivist category is permissive, not mandatory). In this way, the instant case is distinguishable from Dunbar v. State, 89 So. 3d 901, 906 (Fla. 2012), in which the Supreme Court of Florida held that where the trial court initially pronounced a sentence it had no discretion to impose, it could, later that day and without the parties present, enter a written sentencing order to add *nondiscretionary minimum mandatory* terms. Dunbar, 89 So. 3d at 906 ("When a trial court fails to pronounce *nondiscretionary* sentencing terms, the defendant has no legitimate expectation in the finality of that sentence, at least until the reviewing court has issued a mandate or the time for filing an appeal has run.") (emphasis added).

10

pursuant to section 775.084(1)(b), I would reverse on that basis and remand to the trial court to vacate Santiago's sentence, and resentence Santiago pursuant to section 775.082(3)(b), Florida Statutes (2006).