*1058 SHEPHERD, C.J.
This is an appeal by John Santiago from his conviction and sentence after a jury trial. His assignments of error are that: (1) the trial court erred by amending the sentence to add a habitual violent felony offender designation after having made an evidentiary determination (at the original sentencing) that the State failed to establish Santiago qualified as a habitual violent felony offender; and (2) his sentence was vindictive. We agree with Santiago on his first assignment of error and, because we reverse Santiago’s sentence on this basis, find it unnecessary to consider the second assignment of error. A brief summary of the factual and procedural background of the case is necessary to explain our decision.
FACTUAL AND PROCEDURAL BACKGROUND
On June 9, 2009, following a jury trial, the trial court entered a judgment of conviction against John Santiago for the crimes of robbery with a non-deadly weapon and simple battery.[1] Robbery with a non-deadly weapon is a first-degree felony and, generally, the maximum sentence permitted by statute for this crime is thirty years. See §§ 775.082(3)(b), 812.13(2)(b), Fla. Stat. (2006). However, if a defendant qualifies as a habitual violent felony offender pursuant to section 775.084(l)(b) of the Florida Statutes, a defendant may be sentenced up to a maximum of life in prison, and must be sentenced to a mandatory minimum of fifteen years. See § 775.084(4)(b)l.
On June 30, 2009, the trial court held a sentencing hearing and sentenced Santiago to life in prison without any mandatory minimum. Although it appears from our review of the record that Santiago had received the requisite notice and qualified for designation as a habitual violent felony offender, the court, prior to imposing sentence, made an evidentiary determination that the State failed to prove Santiago was given the necessary notice. Therefore, Santiago did not qualify as a habitual violent felony offender.[2] Nevertheless, the trial judge sentenced Santiago to life in prison, citing as its reason “protection of the community.” This sentence was illegal.
Perhaps recognizing its predicament, the State returned to court eight days later[3] and orally moved to resentence Santiago as a habitual violent felony offender. At this subsequent sentencing proceeding, the State succeeded in demonstrating it provided the requisite notice, and the trial judge elicited a sworn admission from Santiago that he had the necessary qualifying prior conviction. At the conclusion of this second sentencing proceeding, the trial judge reversed his original determination, pronounced Santiago qualified as a habitual violent felony offender, orally “resentence[dj” him as such, and entered a “corrected” written sentence reflecting his actions. In so doing, the court reversibly erred.
ANALYSIS
As our supreme court has made clear, a habitual offender designation is as much a part of a sentence as is incarceration. See State v. Matthews, 891 So.2d 479, 488-89 (Fla.2004) (“Habitual offender sentences are enhanced sentences imposed in an attempt ‘to protect society from ha *1059 bitual criminals who persist in the commission of crime after having been theretofore convicted and punished for crimes previously committed.’ ”) (quoting State v. Peterson, 667 So.2d 199, 200 (Fla.1996)). “Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles.” Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003). In the case before us, Santiago began to serve his original life sentence immediately upon its pronouncement on June 80, 2009. Thus, the purported “resentence” of Santiago as a habitual violent felony offender eight days later violated Santiago’s double jeopardy rights. See Akins v. State, 98 So.3d 60 (Fla. 2d DCA 2009) (concluding transformation of a “guidelines” sentence imposed at a probation revocation hearing into a habitual offender sentence in a subsequent jail credit proceeding violated double jeopardy where the trial court inadvertently failed to announce at the revocation hearing that the sentence imposed remained a habitual offender sentence); Rivera v. State, 862 So.2d 55, 56 (Fla. 2d DCA 2003) (stating amendment of sentence to impose sex offender probation in addition to previously pronounced drug probation constituted violation of defendant’s double jeopardy rights); Martinez v. State, 625 So.2d 1306, 1307 (Fla. 3d DCA 1993) (determining trial court’s initial decision not to sentence the defendant as a habitual offender precluded such a sentence on remand) (citing Grimes v. State, 616 So.2d 996, 998 (Fla. 1st DCA 1992)).[4]
Given the trial court’s evidentiary determination at the original sentencing that Santiago did not qualify as a habitual violent felony offender, the statutory maximum sentence for this first-degree felony was thirty years. The sentence of life as a non-habitual violent felony offender was therefore illegal. If the State believed the trial court erred in determining Santiago did not qualify as a habitual violent felony offender, its remedy lay in an appeal of this finding, rather than seeking an “amended sentencing” eight days after the judgment and sentence was pronounced and after Santiago had begun to serve the sentence. See Fla. R. App. P. 9.140(c)(l)(M), (N). The State did not take an appeal, nor did it file a cross-appeal of that finding in the presently pending appeal of the trial court’s “corrected” sentence.
For the reasons stated, we vacate the amended judgment and life sentence imposed on Santiago and remand with directions that the trial court resentence Santiago as a non-habitual violent felony offender in accordance with section 775.082(3)(b) of the Florida Statutes.
So ordered.

. The battery conviction and sentence is not a part of this appeal.

. It appears a substitute assistant state attorney represented the State at the original sentencing hearing.

. At this point, Santiago had already begun serving his non-HVFO life sentence.

. It is worth pausing to note that the "resen-tencing” proceeding conducted by the trial judge at the request of the State was not a true resentencing hearing. It is better described as a proceeding to "amend” an earlier pronounced sentence. The hearing was held in an attempt to legalize an otherwise illegal sentence. The distinction is not without a difference. The peril posed by sanctioning State "do-overs” of evidentiary determinations made at a sentencing proceeding is palpable.