530 So.2d 929 (1988)
STATE of Florida, Appellant/Cross-Appellee,
v.
John MICHAEL, Appellee/Cross-Appellant.
No. 70658.
Supreme Court of Florida.
September 22, 1988.
Rehearing Denied December 8, 1988.
*930 Robert A. Butterworth, Atty. Gen. and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant/cross-appellee.
Larry Helm Spalding, Capital Collateral Representative, Judith J. Dougherty, Asst. CCR and Timothy D. Schroeder, Staff Atty., Office of the Capital Collateral Representative, and Mark E. Olive, Tallahassee, for appellee/cross-appellant.
PER CURIAM.
The state appeals, and Michael cross-appeals, the trial court's order granting Michael a new sentencing hearing. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and Florida Rule of Criminal Procedure 3.850, and affirm the trial court's ruling.
A jury convicted Michael of the first-degree murder of the elderly woman with whom he lived and recommended that he be sentenced to death, which the trial court did. This Court affirmed the conviction and sentence. Michael v. State, 437 So.2d 138 (Fla. 1983), cert. denied, 465 U.S. 1013, 104 S.Ct. 1017, 79 L.Ed.2d 246 (1984). In 1985 the governor signed a death warrant for Michael, who then filed a motion for postconviction relief and requested a stay of execution.
Michael raised twelve issues in his postconviction motion: 1) prosecutorial misconduct; 2) denial of funds for an investigator; 3) ineffective assistance of counsel; 4) denial of a mental health expert's assistance; 5) denial of right of confrontation; 6) counsel's conflict of interest; 7) use of involuntary statements; 8) introduction of hypnotically refreshed testimony; 9) prejudicial references to homosexuality; 10) lack of independent expert witnesses; 11) ineffectiveness of experts who examined Michael; and 12) Michael's suffering from a personality disorder. The trial court granted a stay of execution, dismissed issues 1, 2, 4, 5, 6, 7, 8, 9, 10, and 11, except as they might relate to ineffective assistance of counsel, and granted an evidentiary hearing on trial counsel's effectiveness and the newly discovered evidence regarding Michael's purported mental illness. After the evidentiary hearing, the trial court analyzed the ineffective assistance of counsel issue pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court found that counsel was not ineffective in the guilt phase.
In regards to the sentencing phase, however, the court found that counsel should have obtained, but did not, the experts' opinions on the applicability of the statutory mental mitigating factors. According to the court, even though counsel correctly decided there was no insanity defense to pursue, counsel admitted he was on notice of Michael's disturbed condition. The court found the failure to pursue this line of investigation so unreasonable as to constitute substandard representation, the first prong of the Strickland test. The inability to gauge the effect of this omission undermined the court's confidence in the outcome of the penalty proceeding. Therefore, the court decided that the second prong of the Strickland test, prejudice, had also been established and granted Michael a new sentencing proceeding. The court held the other instances of alleged ineffectiveness of counsel's assistance and of the psychiatric experts' assistance moot because a new sentencing hearing would be conducted.
On appeal the state claims that the court erred in finding counsel ineffective during the sentencing phase. Michael, on the other hand, urges affirmance of the trial court's order. He also cross-appeals and reargues the issues presented to that court in support of his position.
The trial court based its decision on competent substantial evidence, and the state has presented nothing to convince us to disturb the court's findings. Henderson v. Dugger, 522 So.2d 835 (Fla. 1988); Martin v. State, 515 So.2d 189 (Fla. 1987); Stewart v. State, 481 So.2d 1210 (Fla. 1985); Demps v. State, 462 So.2d 1074 (Fla. 1984). Therefore, we affirm the trial court's vacating Michael's death sentence and order that Michael's resentencing proceeding be held *931 within ninety days of the filing of this opinion. We have examined the guilt-phase issues raised on the cross-appeal and find no merit to them. Due to our affirming the order on resentencing, we do not consider the sentencing issues raised in the cross-appeal.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
SHAW, J., concurs in result only.