667 So.2d 932 (1996)
William Sylvester COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04757.
District Court of Appeal of Florida, Second District.
February 9, 1996.
*933 PER CURIAM.
William Cooper challenges the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he sought a belated appeal with the trial court from an order ruling on an earlier motion filed pursuant to the same criminal rule. The trial court found that the order for which he sought belated review was not an appealable, final order, and accordingly denied his motion. This erroneous conclusion mandates reversal.
In the first of his collateral motions pertinent to this appeal Mr. Cooper asserted that trial counsel was ineffective on two bases, one pertaining to his sentence and the other to his conviction. After an evidentiary hearing the trial court found merit in his claim regarding sentencing, and rejected that which dealt with the underlying conviction. Over three months after the court order was entered, Mr. Cooper filed a pleading entitled "motion for leave to file a belated appeal," in which he alleges he timely advised court-appointed counsel that he wished to prosecute an appeal from that part of the collateral motion which had been denied. This motion, properly treated as seeking postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, was denied by the trial court on the basis that the order denying in part and granting in part his earlier Rule 3.850 motion was not a final order and consequently was not appealable.
An order which denies a claim in a postconviction motion and grants an evidentiary hearing on a different claim in the same motion is not appealable until all issues raised have been ruled upon by the court. Judicial economy favors this rule which forbids piecemeal appeals until all pending matters raised in a single motion have been resolved and which can then be efficiently reviewed in one appellate proceeding. An order denying in part and granting in part relief, however, marks the end of the judicial labor which is to be expended on the motion, and the order is final for appellate purposes. And, as here, if the part of the motion which is granted requires subsequent action on the principal case under attack, such as resentencing, we perceive no jurisdictional impediment imposed by the appeal from the postconviction motion to prevent that action.
The state's right to appeal the ruling affording Mr. Cooper a new sentencing hearing accrued at the time the motion for postconviction relief was granted in part. State v. Michael, 530 So.2d 929 (Fla.1988), confirms the state's right to seek review of an adverse ruling finding ineffectiveness of trial counsel mandates a new sentencing hearing. And Florida Rule of Criminal Procedure 3.850(g) provides for the appellate remedy to aggrieved movants. Either party could have sought review of the order denying in part and granting in part the postconviction motion.
Without passing on the merit of Mr. Cooper's entitlement to a belated appeal, we reverse the trial court and conclude that the order in question is an appealable, final order.
Reversed and remanded.
RYDER, A.C.J., and BLUE and FULMER, JJ., concur.