Eight criminal informations were consolidated for purposes of trial and the defendant was convicted in seven cases. The trial court has granted an evidentiary hearing with respect to two of the cases because the victims in those cases recanted their identification of the defendant. The court has denied an evidentiary hearing with respect to the remaining five cases. The state apparently relied upon a joint identification theory for conviction.
After the evidentiary hearing already granted, the court will have to determine whether this newly discovered evidence would probably produce an acquittal on retrial. At that point, the court will either grant a new trial, or deny the motion for a new trial and find the evidence would not have changed the results. It is at that time, when the court either grants in part and denies in part the entire motion, or denies it completely that this matter will be ripe for appeal. Cooper v. State, 667 So.2d 932 (Fla. 2d DCA 1996); Gowins v. State, 662 So.2d 1348 (Fla. 5th DCA 1995); Stewart v. State, 647 So.2d 219 (Fla. 2d DCA 1994); White v. State, 450 So.2d 556 (Fla. 2d DCA 1984).
Appeal dismissed without prejudice.
NESBITT, GODERICH and GREEN, JJ., concur.