SAWAYA, J.
Raymond Cervino appeals the trial court’s order summarily denying in part and granting in part the motion he filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. As will be explained, we sua sponte dismiss his appeal as an improper piecemeal appeal.
Cervino’s instant motion raises two claims for post conviction relief. In the first claim, Cervino argues that he is entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). In his second claim, he alleges several instances of ineffective assistance of trial counsel, both at trial and at sentencing. The trial court granted relief on the first claim and scheduled a resentencing hear *632 ing. However, the trial court denied relief with regard to the allegations of ineffective assistance of trial counsel asserted in the second claim.
The trial court’s order is not appealable because it does not constitute a final order. By its own terms, the order contemplates future action on Cervino’s motion because it calls for a resentencing hearing with regard to the first claim. Therefore, the judicial labor in the trial court has not ended. Under similar circumstances, this court has dismissed rule 3.850 appeals. See, e.g., McGriff v. State, 721 So.2d 839 (Fla. 5th DCA 1998); Wood v. State, 720 So.2d 312 (Fla. 5th DCA 1998); Gowins v. State, 662 So.2d 1348 (Fla. 5th DCA 1995). This court in Gowins quoted the following language from White v. State, 450 So.2d 556 (Fla. 2d DCA 1984):
[T]he question [arises] as to the appeala-bility of an order partially disposing of a Rule 3 motion. If this were purely a civil case, such a partial order would not be appealable unless it disposed of claims unrelated to the remaining claims. An order or judgment is not considered final until it disposes of all the issues presented. The same policies against allowing piecemeal appeals apply here. We see no reason not to apply this principle to orders entered on Rule 3 motions, (footnotes omitted)[.]
Gowins, 662 So.2d at 1349 (quoting White, 450 So.2d at 557). Accordingly, we dismiss this appeal sua sponte for lack of jurisdiction. Cervino would of course be free to appeal once the trial court disposes of his motion in its entirety.
DISMISSED.
THOMPSON, C.J., and COBB, J. concur.