821 So.2d 385 (2002)
STATE of Florida, Appellant,
v.
William Theodore RUDOLF, Jr., Appellee.
No. 2D00-5478.
District Court of Appeal of Florida, Second District.
July 10, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellant.
William Theodore Rudolf, Jr., pro se.
*386 ALTENBERND, Judge.
The State appeals an order granting William Theodore Rudolf, Jr.'s motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The order found that Mr. Rudolf was entitled to be resentenced but did not impose a new sentence. We conclude this is a nonfinal, nonappealable order and dismiss this appeal for lack of jurisdiction.
Mr. Rudolf was convicted of grand theft motor vehicle, possession of drug paraphernalia, resisting an officer without violence, and grand theft. The crimes occurred on January 4, 1999. On the two third-degree felony convictions, Mr. Rudolf was sentenced to the maximum sentence allowed by his Criminal Punishment Code sentencing scoresheettwo consecutive sentences of five years, for a total of ten years' incarceration. See §§ 921.002(g),.0024(2), 775.082(3)(d), Fla. Stat. (1999). Thereafter, Mr. Rudolf filed a motion to correct an illegal sentence pursuant to rule 3.800(a), arguing that his sentence was illegal pursuant to section 921.001(5), Florida Statutes (Supp.1998). The trial court granted Mr. Rudolf's motion, even though the cited statute apparently had been repealed prior to the date of Mr. Rudolf's offense. See ch. 97-194, § 1, Laws of Fla.
We conclude that Mr. Rudolf's rule 3.800(a) motion did not create a new, separate proceeding. Instead, it is a motion filed in a continuation of the original criminal proceeding. We agree with the Fourth District that this type of order is a nonfinal, nonappealable order. See State v. Delvalle, 745 So.2d 541 (Fla. 4th DCA 1999). The order requires that Mr. Rudolf's original sentence be replaced with a new sentence, but the new sentence has not yet been imposed. The order is essentially a nonfinal order entered after the entry of an appealable final order. We conclude that Florida Rule of Appellate Procedure 9.130(a)(4), permitting appeals of nonfinal orders entered after final orders, does not apply in this criminal context. See Fla. R.App. P. 9.130(a)(2). We can find no counterpart to rule 9.130(a)(4) in Florida Rule of Appellate Procedure 9.140. To the extent that section 924.066(2), Florida Statutes (1999), seeks to confer jurisdiction for district courts to review adverse rulings granting or denying collateral or postconviction relief, that statute can apply constitutionally only to final orders. See State v. Gaines, 770 So.2d 1221 (Fla.2000) (holding Florida Constitution does not authorize legislature to provide for interlocutory review).
Because the order the State seeks to appeal is a nonfinal, nonappealable order, the only potential avenue for relief at this time would be by way of common law certiorari. However, the application of common law certiorari is restricted to cases in which the State cannot obtain adequate review following the entry of the new sentence. We conclude that any new sentence will be a final appealable order granting collateral relief pursuant to section 924.066(1). The State will have the opportunity to seek review of the sentence when the trial court enters that final order. See Fla. R.App. P. 9.140(c)(1)(N) (permitting State to appeal orders "as otherwise provided by law for final orders"); see also Fla. R.App. P. 9.140(c)(1)(K) (permitting State to appeal "unlawful" sentences). Accordingly, review by certiorari is not required in this case.
Appeal dismissed.
BLUE, C.J., and STRINGER, J., concur.