PER CURIAM.
Lamont Taylor appeals the denial of his 3.850, Florida Rule of Criminal Procedure, postconviction motion after an evidentiary hearing. For the reasons explained below, we dismiss the appeal for lack of jurisdiction.

*990
Procedural Histo'ry

Taylor pled no contest, without a plea agreement, and was sentenced to a total of twenty-two years in prison on four counts: trafficking in 400 grams or more of cocaine, possession of cocaine with intent to sell or deliver, possession of more than 20 grams of marijuana, and possession of paraphernalia. We affirmed Taylor’s convictions and sentences. Taylor v. State, 923 So.2d 514 (Fla. 5th DCA 2006). Taylor then timely filed a postconviction motion with four grounds. The trial court summarily denied Grounds 1 and 2, and ordered an evidentiary hearing on Grounds 3 and 4. At the evidentiary hearing, the State conceded that Taylor was entitled to be resentenced based on a double jeopardy claim in Ground 3. On March 31, 2009, the trial court entered an “Order Denying in Part and Granting in Part motion for post-conviction relief After Evidentiary Hearing.” On Ground 3, the court found that defense counsel had not misadvised Taylor that trafficking and possession with intent to sell did not constitute a double jeopardy violation, as Taylor alleged. Instead, the court found that the State had inadvertently nolle prossed the wrong count at the original sentencing. It nolle prossed the delivery of cocaine count instead of the possession with intent to sell or deliver. Because the error changed the minimum guideline sentence, the court granted relief in part on Ground 3, ruling that Taylor was entitled to be resentenced. It set resentencing for April 21. The court denied Ground 4, Taylor’s remaining post-conviction claim.
Fifteen days later (on April 15, 2009) and before resentencing, Taylor filed a “Motion for Rehearing from Postconviction Denial of 3.850 Motion.” In it, Taylor challenged the summary denial of Grounds 1 and 2 and the denial of Ground 4 after an evidentiary hearing. He did not challenge the trial court’s ruling on Ground 3.
On April 21, 2009, Taylor was resen-tenced to fifteen years in prison. He filed a timely notice of appeal, stating in pertinent part, “The nature of the judgement [sic.] appealed is a final order sentencing the defendant and the decision, this case concerning that sentence. Defendant’s sentence/resentence on 4-21-09 only.” On March 8, 2011, this Court affirmed the new sentence. Taylor v. State, 56 So.3d 785 (Fla. 5th DCA 2011).
On July 10, 2011, Taylor filed an “Amended Motion for Rehearing of Post-conviction Denial for 3.850.” The trial court denied the amended motion for rehearing from the original March 31, 2009 order as untimely. Taylor then filed an “Emergency Motion for Clarification” pointing out that he had earlier filed a timely motion for rehearing from the March 31, 2009 order on April 15, 2009. He explained that he had filed the amended motion because the court never ruled on the original motion for rehearing (filed more than two years earlier). On October 13, 2011, the trial court entered an order denying the emergency motion for clarification. It acknowledged that the original motion was missing from the court file and it had only become aware of it when Taylor filed a copy of it with the motion for clarification. Accordingly, the court addressed the merits of the original motion for rehearing and then denied rehearing. On November 10, 2011, Taylor filed a notice of appeal of the orders denying his motion for postconviction relief (3-31-2009), motion for rehearing (4-15-2009), and amended motion for rehearing (7-10-2011).

Discussion

The appellate courts of this state uniformly agree that the common postcon-viction orders which summarily deny some *991 grounds and set others for evidentiary hearing are not final, appealable orders. See, e.g., Libertelli v. State, 775 So.2d 339 (Fla. 2d DCA 2000); Diaz v. State, 686 So.2d 679 (Fla. 3d DCA 1996); Gowins v. State, 662 So.2d 1348 (Fla. 5th DCA 1995). The order on appeal in this case is not that type of order. It denied one ground after evidentiary hearing and partially granted one ground to the extent that a subsequent resentencing was required to cure a sentencing error. Two cases have addressed the appealability of such orders, reaching opposite conclusions.
In Cooper v. State, 667 So.2d 932 (Fla. 2d DCA 1996), the Second District Court of Appeal held that a similar order was a final, appealable order. In that case, Cooper filed a postconviction motion alleging two counts of ineffective assistance, one related to his conviction and one related to his sentence. After an evidentiary hearing, the trial court agreed with Cooper’s sentencing claim and rejected the claim related to his conviction. Id. at 933. Three months later, Cooper filed a motion for leave to file a belated appeal, asserting that he had advised his attorney he wished to appeal that part of his postconviction motion that had been denied. The trial court denied the motion for belated appeal on the ground that the order denying in part and granting in part his postconviction motion was not a final, appealable order. The second district disagreed, reasoning as follows:
An order which denies a claim in a postconviction motion and grants an evi-dentiary hearing on a different claim in the same motion is not appealable until all issues raised have been ruled upon by the court. Judicial economy favors this rule which forbids piecemeal appeals until all pending matters raised in a single motion have been resolved and which can then be efficiently reviewed in one appellate proceeding. An order denying in part and granting in part relief, however, marks the end of the judicial labor which is to be expended on the motion, and the order is final for appellate purposes. And, as here, if the part of the motion which is granted requires subsequent action on the principal case under attack, such as resentencing, we perceive no jurisdictional impediment imposed by the appeal from the postcon-viction motion to prevent that action.
The state’s right to appeal the ruling affording Mr. Cooper a new sentencing hearing accrued at the time the motion for postconviction relief was granted in part. State v. Michael, 530 So.2d 929 (Fla.1988), confirms the state’s right to seek review of an adverse ruling finding ineffectiveness of trial counsel mandates a new sentencing hearing. And Florida Rule of Criminal Procedure 3.850(g) provides for the appellate remedy to aggrieved movants. Either party could have sought review of the order denying in part and granting in part the postcon-viction motion.
Id. Consequently, the court held that the order was appealable and therefore reversed and remanded for reconsideration of the motion for leave to file belated appeal. Id.
This Court reached the opposite conclusion in Cervino v. State, 785 So.2d 631 (Fla. 5th DCA 2001). In that case, the defendant raised two postconviction claims, one pertaining to his sentence and one raising several instances of ineffective assistance. The trial court granted the defendant’s sentencing-related claim and scheduled a resentencing hearing, but denied his ineffective assistance claim. The defendant appealed from that order and this court dismissed the appeal, sua sponte, reasoning as follows:
*992 The trial court’s order is not appeal-able because it does not constitute a final order. By its own terms, the order contemplates future action on Cervino’s motion because it calls for a resentenc-ing hearing with regard to the first claim. Therefore, the judicial labor in the trial court has not ended. Under similar circumstances, this court has dismissed rule 3.850 appeals. See, e.g., McGriff v. State, 721 So.2d 839 (Fla. 5th DCA 1998); Wood v. State, 720 So.2d 312 (Fla. 5th DCA 1998); Gowins v. State, 662 So.2d 1348 (Fla. 5th DCA 1995). This court in Gowins quoted the following language from White v. State, 450 So.2d 556 (Fla. 2d DCA 1984):
[T]he question [arises] as to the ap-pealability of an order partially disposing of a Rule 3 motion. If this were purely a civil case, such a partial order would not be appealable unless it disposed of claims unrelated to the remaining claims. An order or judgment is not considered final until it disposes of all the issues presented. The same policies against allowing piecemeal appeals apply here. We see no reason not to apply this principle to orders entered on Rule 3 motions. (footnotes omitted)[.]
Gowins, 662 So.2d at 1349 (quoting White, 450 So.2d at 557). Accordingly, we dismiss this appeal sua sponte for lack of jurisdiction. Cervino would of course be free to appeal once the trial court disposes of his motion in its entirety.
Id. at 632 (emphasis in original).
The test to determine finality is “whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.” S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974). Both Cervino and Cooper narrowly focused on whether further judicial labor was contemplated on the defendant’s postconviction motion, rather than then entire “cause” between the parties. The courts disagreed on the effect of ordering resentencing. This court held that ordering resentencing contemplated further judicial labor on the motion while the Second District held that it did not. This court’s holding in Cervino is more faithful to the traditional finality test because ordering a resentencing contemplates further judicial labor in the cause between the parties. See State v. Huerta, 38 So.3d 883 (Fla. 3d DCA 2010) (rejecting defendant’s argument that state appeal from resentencing order was untimely; state not required to appeal from earlier order granting rule 3.800 motion because judicial labor was not complete until resen-tencing); State v. Rudolf, 821 So.2d 385 (Fla. 2d DCA 2002) (dismissing state appeal from order granting rule 3.800 motion because said motion “did not create a new, separate proceeding. Instead, it is a motion filed in a continuation of the original criminal proceeding,” thus order granting motion was not final” because resentencing had not yet occurred); but see Slocum v. State, 95 So.3d 911 (Fla. 1st DCA 2012) (dismissing appeal of denial of postconviction claims from resentencing order for lack of jurisdiction because earlier order denying in part and granting in part the postconviction claims “finally concluded collateral proceedings” and the resentenc-ing in the original case was a “de novo proceeding ... legally discrete from the collateral proceeding.”); Jordan v. State, 81 So.3d 595 (Fla. 1st DCA 2012) (finding state’s motion for reconsideration filed 77 days after order granting rule 3.800 motion but before resentencing was untimely because order was final, bringing postcon-viction proceeding to an end). We also believe that Cervino is more faithful to the policy of not allowing piecemeal appeals. *993 Where Cooper would require an appeal from an order granting in part and denying in part postconviction relief, and a separate appeal from a subsequent resen-tencing if necessary, Cervino recognizes that a defendant should simply raise all issues in one appeal after resentencing.
Because Cervino appears to more faithfully follow the supreme court’s rule of finality and policy preventing piecemeal appeals, and without a meaningful distinction between Cervino and the instant case, we follow Cervino and conclude that the trial court’s March 31, 2009, order was not a final, appealable order. As such, Taylor’s motion for rehearing did not toll the time for appeal[1] — and Taylor should have raised any issues related to the trial court’s March 31, 2009 order on appeal after his resentencing — as this court instructed in Cervino.
It could be argued that following Cervi-no created a trap for Taylor resulting in the denial of his ability to obtain appellate review of the denial of his postconviction claims. The March 31, 2009 order appeared to be final, and even notified Taylor of his right to appeal as required under rule 3.850(f). Taylor filed a timely motion for rehearing and the court did not rule on the motion until long after resentencing.
However, Cervino was the law in this district at the time and it clearly held that such orders are not final. Cervino also recognized that the defendant would be “free to appeal once the trial court disposes of his motion in its entirety!,]” meaning after resentencing. 785 So.2d 631. Thus, Taylor could have challenged the denial of his postconviction claims in his appeal from the resentencing, but expressly limited his appeal to the resentencing. We also note that by waiting more than two years to pursue the matter further, Taylor lost his ability to seek a belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c), which might have been available as a remedy for any confusion as to the appeal deadline had Taylor acted more diligently.
Accordingly, we dismiss Taylor’s appeal for lack of jurisdiction, and certify conflict with Cooper and Slocum.
APPEAL DISMISSED; CONFLICT CERTIFIED.
ORFINGER, C.J., LAWSON and JACOBUS, JJ., concur.

. See Fla. R.App. P. 9.020; Caufield v. Cantele, 837 So.2d 371, 376 n. 3 (Fla.2002). In addition, Taylor’s notice of appeal of his re-sentencing arguably constituted an abandonment of his motion for rehearing. Cf. Cabrera v. State, 623 So.2d 825 (Fla. 2d DCA 1993).