# Supreme Court of Florida

_____

No. SC12-2318
_____

**LAMONT TAYLOR**,
Petitioner,

vs.

**STATE OF FLORIDA**,
Respondent.

[May 29, 2014]

PER CURIAM.

This case is before the Court for review of the Fifth District Court of Appeal's decision in Taylor v. State, 96 So. 3d 989 (Fla. 5th DCA 2012), which the Fifth District certified is in direct conflict with the decisions of the First District Court of Appeal in Slocum v. State, 95 So. 3d 911 (Fla. 1st DCA 2012), and the Second District Court of Appeal in Cooper v. State, 667 So. 2d 932 (Fla. 2d DCA 1996).[1] The certified conflict issue presented in this case is whether an order disposing of a postconviction motion which partially denies and partially grants relief is a final order for purposes of appeal, when the relief granted requires

---

1. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

subsequent action in the underlying case, such as resentencing.[2]  For the reasons

explained below, we hold that an order which partially denies and partially grants

postconviction relief is a final order for purposes of appeal, even if the relief

granted requires subsequent action in the underlying case.  Therefore, we quash the

Fifth District's decision in Taylor and disapprove its decision in Cervino v. State,

785 So. 2d 631 (Fla. 5th DCA 2001), to the extent it is inconsistent with this

opinion.  We approve the Second District's decision in Cooper and the First

District's decision in Slocum to the extent these decisions are consistent with our

analysis and holding.

## I.  BACKGROUND

In 2003, Lamont Taylor was charged with:  (1) trafficking in 400 grams or

more of cocaine; (2) possession of cocaine with intent to sell or deliver; (3)

delivery of cocaine; (4) possession of more than 20 grams of marijuana; and (5)

possession of drug paraphernalia.  The State nolle prosequied the delivery of

cocaine charge, and Taylor pleaded no contest to the remaining charges.  He was

sentenced to twenty-two years in prison, and the Fifth District affirmed his

convictions and sentences on direct appeal.  Taylor v. State, 923 So. 2d 514 (Fla.

5th DCA 2006) (table).

---

2. This is a pure question of law subject to de novo review.  See Keck v.
Eminisor, 104 So. 3d 359, 363 (Fla. 2012) (explaining that the standard of review
for pure questions of law is de novo).

Subsequently, Taylor, acting pro se, filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 arguing, among other things, that his trial counsel was ineffective for failing to advise him that his convictions for trafficking in cocaine and possession of cocaine with intent to sell or deliver violated the Double Jeopardy Clause. After an evidentiary hearing on this claim, the trial court determined that relief was warranted in part because the State admitted that it had inadvertently nolle prossed the wrong charge. Since this error changed the minimum guideline sentence, the trial court concluded that Taylor needed to be resentenced. Accordingly, on March 31, 2009, the trial court entered an order partially granting relief on Taylor's sentencing claim and denying relief as to Taylor's other postconviction claims.

Fifteen days later, Taylor filed a timely motion for rehearing challenging the denial of his other postconviction claims. While this rehearing motion was pending, the trial court proceeded with Taylor's resentencing on April 21, 2009, sentencing him to fifteen years in prison. Taylor, again acting pro se, filed a notice of appeal from the resentencing on May 21, 2009. At this time, no ruling had ever been issued with regard to the rehearing motion that he previously filed on April 15, concerning the denial of his other postconviction claims. On March 8, 2011, the Fifth District issued a per curiam opinion affirming Taylor's new sentence. Taylor v. State, 56 So. 3d 785 (Fla. 5th DCA 2011) (table).

Thereafter, on July 10, 2011, Taylor, acting pro se, filed an amended motion for rehearing regarding the trial court's March 2009 order denying his other postconviction claims. The trial court initially denied this motion as untimely on the ground that a rehearing motion had not been filed within 15 days of the order disposing of Taylor's postconviction motion. However, upon receiving Taylor's emergency motion for clarification, the trial court recognized its error and acknowledged that Taylor had filed a timely motion for rehearing on April 15, 2009, which the trial court had never ruled upon.[3] Accordingly, the trial court addressed the merits of the rehearing motion and denied relief. Taylor appealed.

The Fifth District dismissed the appeal for lack of jurisdiction, relying on its prior decision in Cervino, 785 So. 2d at 632, which held that a trial court's order partially denying and partially granting postconviction relief by ordering resentencing was not a final appealable order because the resentencing required further judicial labor in the underlying case. Taylor, 96 So. 3d at 991-93. The Fifth District explained that "Cervino appears to more faithfully follow the supreme court's rule of finality and policy [of] preventing piecemeal appeals," and

---

3. We note that this type of delay will not occur in the future due to recent amendments to Florida Rule of Criminal Procedure 3.850 providing that "[t]he trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. If no order is filed within 40 days, the motion is deemed denied." Fla. R. Crim. P. 3.850(j) (previously designated as Fla. R. Crim. P. 3.850(h)).

therefore, "conclude[d] that the trial court's March 31, 2009, order was not a final, appealable order." Id. at 993. Thus, the Fifth District determined that the trial court's order was not final until after Taylor's resentencing was completed on April 21, 2009, and Taylor should have raised any issues related to the disposition of his other postconviction claims on appeal after resentencing. Id. In so holding, the Fifth District certified that its decision conflicted with the First District's decision in Slocum and the Second District's decision in Cooper, which held that "[a]n order denying in part and granting in part relief . . . marks the end of the judicial labor which is to be expended on the motion, and the order is final for appellate purposes." Id. at 991, 993 (quoting Cooper, 667 So. 2d at 933); see also Slocum, 95 So. 3d at 913.

## II. ANALYSIS

We agree with the Second District in Cooper and the First District in Slocum that an order disposing of a postconviction motion which partially denies and partially grants relief is a final order for purposes of appeal, even if the relief granted requires subsequent action in the underlying case, such as resentencing. As the Second District fully explained in Cooper, 667 So. 2d at 933,

> [a]n order which denies a claim in a postconviction motion and grants an evidentiary hearing on a different claim in the same motion is not appealable until all issues raised have been ruled upon by the court. . . . An order denying in part and granting in part relief, however, marks the end of the judicial labor which is to be expended on the motion, and the order is final for appellate purposes.

This conclusion is consistent with our recent amendments to Florida Rule of Criminal Procedure 3.850, effective July 1, 2013, which added subsection (f)(8)(C), stating that "[t]he order issued after the evidentiary hearing shall resolve all the claims raised in the motion and shall be considered the final order for purposes of appeal." In re Amendments to the Fla. Rules of Criminal Procedure & the Fla. Rules of Appellate Procedure, 132 So. 3d 734, 750 (Fla. 2013).

We disagree with the State's contention that permitting a postconviction appeal to proceed separately from a resentencing appeal will encourage piecemeal litigation because, as we have previously explained in other cases, postconviction proceedings and resentencing proceedings are separate, legally discrete proceedings. See State v. Collins, 985 So. 2d 985, 989 (Fla. 2008) ("In both capital and noncapital cases, we have held that resentencing is a new proceeding [and] that 'resentencing entitles the defendant to a de novo sentencing hearing with the full array of due process rights.' " (quoting Trotter v. State, 825 So. 2d 362, 367-68 (Fla. 2002))). Thus, because resentencing is an entirely new, independent proceeding, an appeal from the underlying postconviction proceeding does not foster piecemeal litigation or waste judicial resources.

Accordingly, the trial court's order partially denying and partially granting Taylor postconviction relief was a final appealable order, even though resentencing remained to be completed in the underlying case.

# III. CONCLUSION

For the reasons explained above, we quash the Fifth District's decision in Taylor and disapprove its decision in Cervino to the extent it is inconsistent with this opinion. We further approve the Second District's decision in Cooper and the First District's decision in Slocum to the extent these decisions are consistent with our analysis and holding. Finally, we remand this case to the Fifth District for further proceedings consistent with this opinion.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

    Fifth District - Case No. 5D11-4179

    (Orange County)

John R. Hamilton of Foley & Lardner LLP, Orlando, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Wesley Heidt, Assistant Attorney General, Daytona Beach, Florida,

    for Respondent