# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ANTHONY JEROME JONES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3589

[September 18, 2019]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 561990CF002729A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Anthony Jerome Jones appeals a trial court's order that vacated a prior resentencing order and denied his motion for postconviction relief. We reverse and remand because the trial court lacked jurisdiction to vacate the resentencing order. *See Taylor v. State*, 140 So. 3d 526 (Fla. 2014); *Simmons v. State*, 44 Fla. L. Weekly D1301 (Fla. 1st DCA May 16, 2019).

Jones was sentenced in 1992 for first-degree felony murder that he committed while a juvenile. In 1994, the trial court resentenced him to include the possibility for parole.

In 2017, Jones moved for resentencing based on *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016), and its interpretation of the United States Supreme Court's *Graham/Miller* progeny. *Graham v. Florida*, 560 U.S. 48 (2010) (holding that it was a violation of the Eighth Amendment to sentence a juvenile to life imprisonment without the possibility of parole for a nonhomicide offense); *Miller v. Alabama*, 567 U.S. 460, 479 (2012)

(extending *Graham's* reasoning to juveniles sentenced to a mandatory term of life without parole for a homicide offense).

The trial court entered the initial resentencing order because *Atwell* held as unconstitutional a juvenile homicide offender's mandatory life sentence despite the possibility of parole. *Atwell* reasoned that Florida's parole system failed to provide for individual consideration of a juvenile's maturity and rehabilitation. *Atwell*, 197 So. 3d at 1048-50. The State did not appeal, seek rehearing, or move to stay that resentencing order. Rather, more than a year later, the State objected to the resentencing based on changes in the law holding that a life sentence with eligibility for parole after twenty-five years does not offend *Miller* or *Graham*. *Franklin v. State*, 258 So. 3d 1239 (Fla. 2018); *State v. Michel*, 257 So. 3d 3 (Fla. 2018), *cert. denied*, —— U.S. ——, 139 S. Ct. 1401, 203 L. Ed.2d 630 (2019). The trial court agreed, vacated its initial resentencing order, and denied Jones' motion for post-conviction relief.

The First District recently quashed a comparable order concluding that the trial court lacked jurisdiction to rescind its first "final" resentencing order. *Simmons*, 44 Fla. L. Weekly at 1301-02. The order granting resentencing became final when neither party moved for rehearing or appealed that order. *Id.* at 1301 (citing *Taylor*, 140 So. 3d at 528-29; *Slocum v. State,* 95 So. 3d 911, 912 (Fla. 1st DCA 2012); *Jordan v. State,* 81 So. 3d 595, 596 (Fla. 1st DCA 2012)).

We agree and quash the order on appeal, and remand with directions that the trial court reinstate the order granting resentencing. As outlined in *Simmons,* the trial court should then resentence Jones to a lawful sentence. *Id.* at 1302. Moreover, as Judge Bilbrey recognized in his concurring opinion in *Simmons,* the "decisional law effective at the time of the resentencing applies." *Id.* (quoting *State v. Fleming,* 61 So. 3d 399, 400 (Fla. 2011));[1] *see also Bellay v. State*, No. 4D17-3866, 2019 WL 2998536 (Fla. 4th DCA July 10, 2019) (re-imposing life sentence pursuant to *Atwell* resentencing). While Jones presents substantive challenges to the current decisional law, we decline to consider those arguments.

*Reversed and remanded.*

WARNER, KLINGENSMITH and KUNTZ, JJ., concur.

*       *       *

---

[1] Judge Bilbrey added his view that the trial court could legally impose the same sentence. *Id.*

*Not final until disposition of timely filed motion for rehearing.*